```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
BADRUL H. CHOWDHURY,

                       Plaintiff,                              NOT FOR PUBLICATION

         - against -                                           MEMORANDUM & ORDER
                                                               17-CV-2613 (PKC)
CARRIE SADOVNIK; FRANCIS X. FITZGERALD;
MALGORZATA CISZKOWSKA; MARIA CONTEL;
RENITA W. SIMMONS; PATRICIO JIMENEZ; and
The City University New York,

                       Defendants.
---------------------------------------------------------x
BADRUL H. CHOWDHURY,

                       Plaintiff,                              17-CV-2614 (PKC)

         - against –

MARIA CONTEL, Brooklyn College, CUNY,

                       Defendant.
---------------------------------------------------------x
```

PAMELA K. CHEN, United States District Judge:

On April 26, 2017, Plaintiff Badrul Chowdhury filed two separate *pro se* actions against the following individual employees at Brooklyn College, the City University of New York: Carrie Sadovnik, the Director of the Office of Environmental Health and Safety ("EHS"); Francis Fitzgerald, Assistant Vice President of EHS and Facility Department; Malgorzata Ciszkowska, Chair of the Chemistry Department; Maria Contel, Associate Professor; Renita Simmons, HR Director; and Patricio Jimenez, Director of Diversity and Equity Programs. Plaintiff alleges that he was subjected to discrimination on the basis of his race, gender/sex, religion, national origin, and age, and that he suffered retaliation for engaging in activity protected by federal employment discrimination laws. Plaintiff brings claims against the Defendants under Title VII of the Civil

Rights Act, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("the ADEA").

In the interests of judicial economy and efficiency, Plaintiff's two actions are consolidated for all purposes, and will proceed under docket number 17–cv–2613 ("lead case"). All papers filed in these actions shall henceforth bear only the lead case docket number. The caption of this consolidated action shall be amended in accordance with this memorandum and order ("Order"), and the action assigned docket number 17–cv–2614 shall be administratively closed.

Plaintiff seeks permission to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. For the reasons that follow: (1) Plaintiff is directed to pay the filing fee of $400, or file an amended IFP application within fourteen (14) days of the date of this Order, in order to proceed with this action; and (2) if Plaintiff elects to proceed with this action, he must file an amended complaint within thirty (30) days of the date of this Order.

## DISCUSSION

### I. IFP Status

"The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system." *Davis v. NYC Dep't. of Educ.*, No. 10 CV 3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010). Section 1915 of Title 28 of the United States Code authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Courts have found that the "purpose of this provision is to 'weed out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth.'" *Hobbs v. Cty. of Westchester*, No. 00 CV 8170, 2002 WL 868269, at *2 (S.D.N.Y. May 3, 2002) (quoting *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997)). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. *Pinede v. N.Y.C. Dep't. of*

*Envtl. Prot.*, No. 12 CV 6344, 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013); *DiGianni v. Pearson Educ.,* No. 10 CV 206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010).

The financial declaration forms that Plaintiff has submitted ("Decl.")[1] does not satisfy the Court that he is unable to pay the Court's filing fee to commence this action. Plaintiff indicates that he is currently employed at Brooklyn College and earns $105,000 per year. (Decl. at ECF 1).[2] Although he alleges that he has no money on hand in a checking or savings account, he does not appear to be in any debt, as he claims that he does not have any outstanding financial obligations. (*Id.* at ECF 2). Therefore, his declaration establishes that he has sufficient resources to pay the $400 filing fee to commence this action, and his request to proceed IFP is therefore denied. However, as Plaintiff's Complaint indicates that he has been placed on administrative leave, he is granted an opportunity to submit an amended IFP application to clarify and indicate any changes to his financial situation. Plaintiff must answer each question on the form and cannot rely on "N/A" as a response.

## II. Background

### A. The Complaint

The following facts are drawn from Plaintiff's pleadings and the exhibits attached thereto, the allegations of which are assumed to be true for purposes of this Order. Plaintiff has been employed by Brooklyn College, the City University of New York ("CUNY"), for thirty-one years as a hazardous material manager. (Dkt. 1, 16-cv-2613 ("Compl. I") at ECF 9). On December 17,

---

[1] Dkt. 2 in Case No. 17-cv-2613 and in Case No. 17-cv-2614. The Court notes that Plaintiff has submitted identical IFP applications in both actions. This Order therefore will only refer to the IFP filed in the lead action.

[2] All references to "ECF" correspond to page numbers generated by the Court's Electronic Court Filing ("ECF") system, and not the document's internal pagination.

2014, he submitted an application to be promoted to the vacant EHS Director position. (*Id.* at 5.) HR Director Simmons and the Chemistry Department Chair Professor Ciszkowska, however, did not review Plaintiff's application, and hired Sadovnik for the position. (*Id.*) In addition, Professor Ciszkowska sent a defamatory email about Plaintiff to the administration (*id.* at ECF 2, 9), and had been abusive towards Plaintiff since 2003 (*id.* at ECF 9).

Sadovnik, as Plaintiff's supervisor and the new EHS Director, discriminated against Plaintiff based on his age, changed his job description, demoted him, and "forced [him] to perform toxic assignments including asbestos work [ ] without providing [him] training," and "created [a] hostile working condition." (*Id.* at ECF 5, 9.) On November 16, 2016, Sadovnik told Plaintiff that he should retire because he is "old and [has] no computer skills." (*Id.* at ECF 5). On February 8, 2016, Plaintiff submitted a discrimination complaint against Sadovnik to Fitzgerald, the Assistant Vice President of EHS and Facility Department. (*Id.* at ECF 2, 4, 5.) The complaints were ignored. (*Id.* at ECF 5.)

On March 8, 2016, Contel, a chemistry professor at Brooklyn College, wrongly accused Plaintiff of sexual harassment.[3] (*Id*. at ECF 7, 9; Dkt. 1, 17-cv-2614 ("Compl. II") at ECF 5.) On March 10, 2016, within four months of Sadovnik becoming his supervisor, Plaintiff was placed on administrative leave. (*Id.* at ECF 4, 9.) On September 7, 2016, Sadovnik "went through [Plaintiff's] confidential [] health records . . . and used [them] for her purpose,"[4] and that Plaintiff's medical records were disclosed to others. (*Id.* at ECF 5.)

---

[3] The Court notes that a false accusation of sexual harassment is actionable under Title VII. Plaintiff appears to allege that Contel's false accusation of sexual harassment against him was retaliatory. (Compl. I at ECF 7.)

[4] Plaintiff does not explain for what purpose Sadovnik used Plaintiff's health records. (*Id.* at ECF 5.)

4

In response to Plaintiff's complaints about Sadvonik, Jimenez investigated and prepared a report that was unfavorable to Plaintiff and "covered up for Defendant Sadovnik" based on falsified email records. (*Id*. at ECF 5.)

### B. Procedural History

On February 3, 2017, the U.S. Equal Employment Opportunity Commission ("EEOC") issued a Dismissal and Notice of Rights stating, "based upon its investigation, the EEOC is unable to conclude that the information obtained established violations of the statutes." (Compl. I at ECF 13; Compl. II at ECF 12.) Plaintiff filed his two complaints, along with his IFP application, in this Court on April 26, 2017.

## III. Legal Standards

### A. Pleading Standard

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading standard is necessarily "less stringent" in the context of *pro se* litigants, whose complaints the Court is required to construe liberally and interpret as raising the strongest arguments they suggest. *See Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), district courts shall dismiss an *in forma pauperis* action that "(i) is frivolous or malicious, (ii) fails to state a claim upon which

relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

At the pleading stage, a plaintiff putting forth a claim of employment discrimination need not prove discrimination, or even allege facts establishing every element of a *prima facie* case of discrimination. *See Vega v. Hempstead Union Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) ("[A] plaintiff is not required to plead a *prima facie* case under *McDonell Douglas* . . . to defeat a motion to dismiss."); *see also Littlejohn v. City of N.Y.*, 795 F.3d 297, 311 (2d Cir. 2015). A plaintiff is required only to plead facts sufficient to give "plausible support" to plaintiff's "minimal" initial burden, which is governed by the statute under which the claim is brought. *Vega*, 801 F.3d at 84 (quoting *Littlejohn*, 795 F.3d at 307, 312).

IV. **Plaintiff's Claims**

The Court construes Plaintiff's Complaint to set forth discrimination and retaliation claims under Title VII and the ADEA.

### A. Discrimination Claims under Title VII and the ADEA

In his Complaint, Plaintiff alleges that he was discriminated against based on his race, gender/sex, religion, and national origin. (Compl. I at ECF 6.) He also alleges that he was discriminated against based on his age. (*Id.* at ECF 3.)

#### 1. Pleading Standards for Title VII and ADEA Discrimination Claims

Title VII provides that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a); *see also Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012). "To establish a prima facie case of employment discrimination under Title VII, a plaintiff must show that '(1) he is a

6

member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to an inference of discrimination.'" *Pothen v. Stony Brook Univ.*, 211 F. Supp. 3d 486, 493 (E.D.N.Y. 2016) (quoting *Chang v. N.Y.C. Dep't for the Aging*, No. 11 CV 7062, 2012 WL 1188427, at *4 (S.D.N.Y. Apr. 10, 2012)); *see also Vega*, 801 F.3d at 83 (quoting *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000)).

As stated earlier, at the pleading stage, a Title VII plaintiff need not allege specific facts establishing each element of a prima facie case of discrimination. *Vega*, 801 F.3d at 84; *Johnson v. Andy Frain Servs., Inc.*, 638 F. App'x 68, 70 (2d Cir. 2016) ("The prima facie case under *McDonnell Douglas,* however, is an evidentiary standard, not a pleading requirement." (quoting *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 510 (2002))). "Rather, what must be plausibly supported by facts alleged in the complaint is that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Johnson v. Andy Frain Servs., Inc.*, 638 F. App'x 68, 70 (2d Cir. 2016) (citation and internal quotation marks omitted).

The ADEA establishes that it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In order to establish a *prima facie* case of age discrimination in violation of the ADEA, a plaintiff must show: (1) that he was within the protected age group, *i.e.*, over 40 years old; (2) that he was qualified for his position; (3) that he experienced an adverse employment action; and (4) that such action occurred under circumstances giving rise to an inference of discrimination. *See Gorzynski v. Jet Blue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010) (citing *Carlton v. Mystic Transp. Inc.,*

202 F.3d 129, 134 (2d Cir. 2000)). The "similar 'minimal' pleading standard [for Title VII discrimination claims] applies to ADEA claims. In addition, 'a plaintiff alleging age discrimination under the [ADEA] must allege 'that age was the but-for cause of the employer's adverse action.'" *Johnson*, 638 F. App'x at 70 (first citing *Roge v. NYP Holdings, Inc.*, 257 F.3d 164, 168 (2d Cir. 2001); then quoting *Vega*, 801 F.3d at 86).

2. Plaintiff's Title VII Discrimination Claim

Here, Plaintiff asserts that he was discriminated based on his membership in a protected class (Compl. I at ECF 6), and states that he was subject to "[u]nequal terms and conditions of [] employment" (*Id.* at ECF 4). He also alleges that he was wrongfully placed on administrative leave, denied promotion, "defamed," and was not given training for asbestos work. (*Id.* at ECF 4, 5, 9.) However, there is no allegation to support a plausible inference that Plaintiff was treated differently from other employees because of his race, color, religion, sex, or national origin. *See Simpson v. MTA / N.Y.C. Transit Auth.*, No. 16 CV 3783, 2016 WL 8711077, at *4 (E.D.N.Y. Aug. 26, 2016) (dismissing plaintiff's Title VII discrimination claim where complaint lacked sufficient facts to support a plausible inference that her race was a motivating factor for the discrimination); *see also Khaleel v. Swissport USA, Inc.*, No. 15 CV 4880, 2015 WL 5307733, at *2 (E.D.N.Y. Sept. 10, 2015) (dismissing Title VII discrimination claim and noting that "[e]ven under the most liberal interpretation of [the plaintiff's] complaint, he provides no facts that could possibly connect or link any adverse employment action to a protected status").

Accordingly, the Court dismisses Plaintiff's Title VII discrimination claim without prejudice. If Plaintiff wishes to pursue this claim, he must file an amended complaint that sets forth facts to support a plausible inference that his membership in a protected class was a motivating factor for his allegedly discriminatory treatment.

8

### 3. Plaintiff's ADEA Discrimination Claim

The Court construes Plaintiff to claim that he was discriminated against based on his age and subject to adverse employment actions when Defendants directed Plaintiff to perform "toxic assignments", such as "asbestos work" without proper training, changed Plaintiff's job description, demoted him, and placed him on administrative leave.[5] (Compl. I at ECF 5–6, 9.)

Here, Plaintiff alleges that he was born in 1957 (*Id.* at ECF 6) and was subjected to discrimination on October 30, 2015, when Plaintiff was demoted and given a new job description (*Id.* at 5-6). As Plaintiff was over the age of forty at the time of these incidents, Plaintiff sufficiently alleges that he was a member of the age group protected under the ADEA at the time of the alleged discrimination. *See* 29 U.S.C. § 631(a). Plaintiff also sufficiently alleges facts establishing that Defendants took adverse action against him by alleging that he was demoted, given different job responsibilities, and put on administrative leave (Compl. at ECF 4, 5). *See Ingrassia v. Health & Hosp. Corp.*, 130 F. Supp. 3d 709, 720 (E.D.N.Y. Sept. 8, 2015) (noting that an adverse employment action "can be plausibly alleged through allegations of . . . demotion evidenced through a decrease in wages or salary, a less distinguished title . . . or significantly diminished substantive responsibilities"); *see also Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 223–24 (2d Cir. 2001) (finding suspension without pay for one week sufficient to constitute adverse employment action for purposes of establishing prima facie retaliation claim); *St. Juste v. Metro Plus Health Plan*, 8 F. Supp. 3d 287, 306 (E.D.N.Y. 2014) (finding suspension without pay while employee was investigated for fraud constituted adverse employment action for Title VII discrimination claim).

---

[5] To the extent Plaintiff wishes to pursue this case, he should clarify which adverse employment actions were allegedly due to age discrimination.

Plaintiff, however, fails to plausibly allege that his age was the but-for cause for Defendant's alleged adverse actions. Although Sadovnik allegedly told Plaintiff, on November 16, 2015, that Plaintiff should plan to retire because he was "old and [had] no computer skills," and that Plaintiff's "skin look[ed] like Sadovnik's father's skin," and also expressed her preference to "replace [Plaintiff] with someone who is young and has computer skills" (Compl. I at ECF 5), such statements alone are not sufficient to raise a plausible inference that Plaintiff's adverse employment actions were due to age discrimination. *See Dixon v. Int'l Fedn. Of Accountants*, 416 F. App'x 107, 110 (2d Cir. 2011) (stray comments including isolated derogatory remarks do not create an inference of discrimination).

Therefore, the Court dismisses without prejudice Plaintiff's discrimination claim pursuant to the ADEA. If Plaintiff wishes to pursue this claim, he shall set forth facts sufficient to support a plausible inference that Plaintiff's age was the but-for cause of Defendants' decision to demote Plaintiff, to give Plaintiff new job responsibilities, and to put Plaintiff on administrative leave.

### B.  Retaliation Claim under Title VII and the ADEA

Based on the allegations in the Complaint, the Court construes Plaintiff to allege that Defendants retaliated against him by failing to promote and train him, and also by falsifying sexual harassment charges against him, which led him to being placed on administrative leave.

Both Title VII and the ADEA contain similar anti-retaliation provisions.[6] *See* 42 U.S.C. § 2000e-3(a) ("It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice" made unlawful under Title VII); 29 U.S.C. § 623(d) ("It shall be unlawful for an employer to discriminate against any

---

[6] It is unclear whether Plaintiff is asserting a retaliation claim pursuant to Title VII, the ADEA, or both.

of his employees . . . because such individual . . . has opposed any practice made unlawful" under the ADEA). To allege a prima facie case of retaliation under Title VII, a plaintiff must allege: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Littlejohn*, 795 F.3d at 315–16 (quoting *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010)) (Title VII). As with discrimination claims, at the pleading stage, the allegations need only give "plausible support to the reduced prima facie requirements . . . ." *Id.*

"[F]or a retaliation claim to survive a motion for judgment on the pleadings or a motion to dismiss, the plaintiff must plausibly allege that: (1) defendants discriminated—or took an adverse employment action—against him, (2) 'because' he has opposed any unlawful employment practice." *Vega*, 801 F.3d at 90. "As for causation, a plaintiff must plausibly plead a connection between the act and his engagement in protected activity. A retaliatory purpose can be shown indirectly by timing: protected activity followed closely in time by adverse employment action." *Id.* (citation omitted). "Retaliation claims under Title VII [and] the ADEA . . . are analyzed under the same framework." *Mazzeo v. Mnuchin*, No. 16 CV 2747, 2017 WL 2817083, at *9 (S.D.N.Y. Jun. 29, 2017) (citing *Terry v. Ashcroft*, 336 F.3d 128 (2d Cir. 2003)).

Filing a formal or informal complaint regarding discrimination qualifies as a protected activity for purposes of retaliation claims under Title VII And the ADEA. *See Simpson*, 2016 WL 8711077, at *5 (collecting cases); *see also Wright v. Monroe Cmty. Hosp.*, 493 F. App'x 233, 236 (2d Cir. 2012) ("The term 'protected activity' refers to action taken to protest or oppose statutorily prohibited discrimination." (quoting *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566 (2d Cir. 2000))). However, vague or ambiguous complaints are insufficient, and "the employer should 'reasonably have understood, that the plaintiff's complaint was directed at conduct prohibited by

11

Title VII.'" *Id.* (quoting *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 108 (2d Cir. 2011)).

Here, Plaintiff alleges that he filed a complaint against Sadovnik on February 8, 2016, that he was falsely accused of sexually harassing another employee, and that, on March 10, 2016, he was put on administrative leave a month after making his complaint. However, Plaintiff does not allege that he filed a complaint with his supervisor about the alleged discrimination on the basis of his membership in a protected class. Instead, Plaintiff provides a vague assertion that he sent complaint emails to Fitzgerald "for help and resolution of [his] issues with [his] new supervisor Defendant Sadovnik." (Compl. I at ECF 9.) Without more, Plaintiff has not alleged sufficient facts from which it can be plausibly inferred that Plaintiff engaged in protected activity for purposes of his retaliation claim under Title VII or the ADEA. *Compare Lebowitz v. N.Y.C. Dep't of Educ.* No. 15 CV 2890, 15 CV 5548, 2017 WL 1232472 (E.D.N.Y. Mar. 31, 2017) (finding that plaintiffs sufficiently alleged participation in protected activity by alleging that they "repeatedly complained to Defendants about the discriminatory treatment that they endured because of their age"), *with Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs*, *P.C.*, 716 F.3d 10, 15 (2d Cir. 2013) (per curiam) (finding that even though plaintiff's complaint "repeatedly used the words 'discrimination' and 'harassment,'" "there was nothing in her protests that could reasonably have led [the company] to understand that [gender discrimination] was the nature of her objections" (citation and quotation marks omitted)); *Kelly Haynes v. Capital One Bank*, No. 14 CV 6551, 2015 WL 2213726, at *2 (E.D.N.Y. May 8, 2015) (dismissing plaintiff's retaliation claim and finding plaintiff failed to allege that she complained of conduct prohibited by Title VII, where plaintiff failed to provide any description of her complaint to human resources); *Foster v. Humane Soc'y of Rochester & Monroe Cty, Inc.*, 724 F. Supp. 2d 382, 394–95 (W.D.N.Y. 2010) (finding no

protected activity by plaintiff where her complaint was about work-related problems outside the scope of Title VII); *see also Bruder v. Jewish Bd. of Family & Children's Servs.*, No. 10 CV 5951, 2013 WL 789231, at *8 (E.D.N.Y. Mar. 4, 2013) (dismissing, on summary judgment, plaintiff's ADEA retaliation claim where plaintiff described her complaint as being about "unethical practices" and "unfair practice to management" but failed to "offer [ ] . . . evidence that she complained of age discrimination and, therefore, [failed to] establish[] . . . [engagement] in protected activity").

Therefore, Plaintiff's claim for retaliation pursuant to Title VII and the ADEA is dismissed. If Plaintiff wishes to pursue this claim, he shall clarify whether he asserts a retaliation claim pursuant to Title VII, the ADEA, or both; explicitly state which adverse employment actions were in retaliation of which complaint he filed and with whom; and also set forth facts sufficient to support a plausible inference that he was retaliated against for complaining of discrimination based on race or age.

### C. There is No Individual Liability Under Title VII and the ADEA

"Title VII and the ADEA do not provide for individual liability; rather, only the employer may be named as the defendant." *Simpson*, 2016 WL 8711077, at *3 (collecting cases); *see also Raspardo v. Carlone*, 770 F.3d 97, 113 (2d Cir. 2014) (Title VII); *see also Guerra v. Jones*, 421 F. App'x. 15, 17 (2d Cir. 2011) ("[D]ismissal of the Title VII and ADEA claims against the individual Defendants was appropriate as neither statute subjects individuals, even those with supervisory liability over the plaintiff, to personal liability."); *Khaleel v. F.J.C. Sec. Svc. Inc.*, No. 16 CV 4675, 2016 WL 4506999, at *3 (E.D.N.Y. Aug. 26, 2016) (no individual liability under Title VII, ADA, and ADEA). Because Plaintiff cannot sustain a Title VII or ADEA claim against individual defendants, his claims against Defendants Sadovnik, Fitzgerald, Ciszkowska, Contel, Simmons, and Jimenez are dismissed with prejudice. If Defendant seeks to pursue any Title VII

or ADA claims, he cannot do so with respect to these individuals; he may only seek to bring these claims against his employer.

## V. Leave to Amend

In light of Plaintiff's *pro se* status, he is granted thirty (30) days leave to file an amended complaint. *See Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). Should Plaintiff elect to file an amended complaint, he must name his employer as a Defendant. Plaintiff is directed that his amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, and it must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff is advised that the amended complaint will completely replace the original complaint, must be captioned "Amended Complaint," and shall bear docket number 17-cv-2613 (PKC).

## CONCLUSION

Accordingly, in order to proceed, Plaintiff must pay the $400.00 filing fee within 14 days of the date of this memorandum and order or file an amended IFP application which will then be reviewed for sufficiency. Plaintiff is further granted 30 days from the date of this memorandum and order to file an amended complaint in order to name a proper defendant and to allege plausible facts in support of his Title VII and ADEA claims. The Clerk of Court is respectfully requested to provide Plaintiff with an employment discrimination complaint form along with a copy of this Order.

No summons shall issue at this time and all further proceedings shall be stayed for 30 days or until further order of the Court. If Plaintiff fails to pay the $400 filing fee or submit an amended IFP application within 14 days, the Court shall dismiss this action.

The Clerk of Court is hereby directed to consolidate the two actions for all purposes. The actions will proceed under docket number 17–cv–2613, and all papers filed in these actions shall

henceforth bear only the lead case docket number. The caption of this consolidated action shall be amended in accordance with this Order, and the action assigned docket number 17–cv–2614 shall be administratively closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 14, 2017
　　　 Brooklyn, New York